# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

        Plaintiff,

    v.                                    Case No. 05-C-635

BYRON TERRY, T J MACCORMICK,
DAVID CLARKE, MILWAUKEE COUNTY,
and DOES,

        Defendants.

## DECISION AND ORDER

Plaintiff Joshua Howard, who is incarcerated at the Waupun Correctional Institution, lodged a *pro se* civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the

average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $18.05.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King &*

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

*Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

The plaintiff alleges that on July 28, 2004, after appearing in court in Milwaukee County, defendant Milwaukee County Sheriff's Deputy Byron Terry used excessive force against him while defendant Milwaukee County Sheriff's Deputy T.J. MacCormick, "in a display of deliberate indifference," did not say anything or attempt to stop Deputy Terry. According to the plaintiff,

> After his court appearance Milwaukee County Sheriff's Deputy Byron Terry and Milwaukee County Sheriff's Deputy T.J. MacCormick handcuffed the

> plaintiff to the to the front of a belly chain, which was connected to three other inmates, who were lined up behind the plaintiff. Before leaving the courtroom bullpen area Deputy Terry instructed the inmates not to talk in the courthouse hallways.
>
> Upon exiting the courthouse hallway and entering the stairwell platform the plaintiff asked one of the other inmates a question. At this time Deputy MacCormick was directly in front of the plaintiff while Deputy Terry was near the rear of the group. In response to the plaintiff speaking Deputy Terry walked up to the plaintiff's left side and proceeded to grab and squeeze the plaintiff's left bicep and slammed the plaintiff's left shoulder against the wall, stating, "what part of don't talk do you not understand?"
>
> As a result the plaintiff suffered extreme pain and physical injury to his arm, shoulder, and back, mental and emotional pain and suffering including insomnia, heightened anxiety attacks and depression. Also as a result of defendant Terry's actions the plaintiff was subjected to constant ridicule, taunting, disrespectful and threatening comments, and repeated theft of property and food items from other inmates causing the plaintiff extreme and disabling emotional distress resulting in an inability to function in close relationships.

(Compl. at 4 ¶¶ 3-5.) Following the incident, a nurse gave the plaintiff medication to help ease the pain and a deputy took several photographs of his injuries. The next day, defendant Terry's supervisor interviewed the plaintiff and took several more photographs of his injuries.

On September 3, 2004, the plaintiff filed a grievance, complaining that he had not been contacted about the result of the investigation into his assault. The plaintiff did not receive any response to his grievance.

On September 4, 2004, cell searches were conducted on the plaintiff's unit. The plaintiff was outside of his cell during the search and at one point, every one of the twelve to fifteen deputies personally entered his cell. The plaintiff could hear his toilet repeatedly being flushed. When he was allowed to enter his cell the plaintiff found his legal paperwork thrown everywhere and his toothbrush in the toilet. He also discovered that the motions he planned on filing at his court date on September 7, 2004, were missing. The plaintiff was informed that he was being given a 23-hour room confinement because matches were found in his cell; however, he denies

that any matches were found.  On September 5, 2005, the plaintiff filed a grievance due to his cell search and related conduct, but received no response.

On January 15, 2005, the plaintiff filed an open records request to defendant Milwaukee County Sheriff David Clarke, requesting to see all of the documents that were generated from the grievances he filed on July 28, September 3, September 5, and September 7, 2004, and copies of the photographs that were taken on July 28 and July 29, 2004.  The plaintiff received a letter from Sheriff Clarke's office on February 1, 2005, stating that there was no record of the plaintiff having filed any grievances.  On February 10, 2005, the plaintiff sent defendant Clarke copies of the previous grievances that were not on record and also filed a new grievance due to the destruction of the prior grievances and/or the failure to log them on to the record.  Defendant Clarke's office responded that the plaintiff could purchase copies of the six photographs taken on July 28, 2004, but did not respond to the new grievance or the open records request.

The plaintiff claims that defendant Terry assaulted him and defendant MacCormick failed to act to prevent the assault, in violation of the Eighth or Fourteenth Amendment.  The plaintiff also advances a claim under Wis. Stat. § 940.29 and for intentional infliction of emotional distress.

Furthermore, the plaintiff claims that, "Defendant Clarke and Defendant Milwaukee County's inadequate policies of supervision, discipline, and training amounted to deliberate indifference to the plaintiff's right to be free from the use of excessive force."  (Compl. at 7 ¶ 21.)  In addition, he states that defendants Clarke and Milwaukee County have inadequate policies related to hiring employees as well as investigating, handling, and logging of complaints against deputy misconduct, all of which violated the plaintiff's constitutional rights.

Case 2:05-cv-00635-WEC     Filed 09/23/05     Page 5 of 10     Document 10

5

The plaintiff further asserts that defendant Does 1-20 conspired to retaliate against him for filing inmate grievances by throwing his toothbrush in the toilet, fabricating rule violations in order to confine the plaintiff to his room for 23 hours, and destroying his legal materials.

Finally, the plaintiff charges that defendants Clark and Milwaukee County's:

> inadequate policies of supervision, discipline, and training of Deputies, investigating and logging of complaints alleging Deputy misconduct, and widespread practice of allowing and neglecting to prevent the conduct that led to the conspiracy and violation of the plaintiff's rights under the First, Fourth, and Sixth Amendments to the United States Constitution, amounting to deliberate indifference on the part of the defendants.

(Compl. at 8 ¶ 26.)

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits "unnecessary and wanton infliction of pain" on prisoners. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In cases involving the use of excessive force, the question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. Factors in determining whether the use of force was wanton and unnecessary include "the need for an application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). It is well-established that "[a]n official satisfies that personal responsibility requirement of § 1983 if she acts or fails to act with a deliberate or reckless disregard of the plaintiff's constitutional rights." *Fillmore v. Page*, 358 F.3d 496, 506 (7th Cir. 2004) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). Accordingly, the plaintiff may proceed on an Eighth Amendment excessive force claim against defendant Terry and a failure to act claim against defendant MacCormick.

The plaintiff also sets forth two potential state law claims with respect to the alleged assault under Wis. Stat. § 940.29 and for intentional infliction of emotional distress. He may not

proceed on a claim under Wis. Stat. § 940.29, since that statute "does no more than criminalize abuse of persons in an incarcerated facility." *Lindell v. Litscher*, 260 Wis.2d 454, 464 (2003). A plaintiff states a claim for intentional infliction of emotional distress by pleading (1) the defendant intended to cause him emotional distress by his conduct; (2) the conduct was extreme and outrageous; (3) the conduct was a cause-in-fact of the plaintiff's emotional distress; and (4) the plaintiff suffered an extreme disabling response to the defendant's conduct. *Anderson v. Continental Ins. Co.*, 85 Wis.2d 675, 694-95 (1978). At this stage, the plaintiff may proceed on a state law claim for intentional infliction of emotional distress. *See* 28 U.S.C. § 1367(a).

To state a claim for retaliation, a prisoner need only allege that he engaged in conduct protected by the First Amendment, and that defendants retaliated against him based on that conduct. *See Walker v. Thompson*, 288 F.3d 1005, 1008-09 (7th Cir.2002). The plaintiff's allegations that defendant John Does retaliated against him for filing inmate grievances satisfy this standard and therefore he may proceed on a retaliation claim against them. The plaintiff will need to use discovery to identify the John Doe defendants.

Although counties are "persons" for purposes of § 1983, liability against counties nevertheless may not arise vicariously; counties cannot be held liable under § 1983 on a respondeat superior basis. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978). Instead, counties are liable only for acts for which the entity itself is responsible, meaning acts the entity has embraced as policy or custom. *Id.* at 690-91, 694. Unconstitutional policies or customs can take three forms:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Palmer v. Marion County*, 327 F.3d 588, 594-95 (7th Cir. 2003) (citations omitted). The plaintiff complains of various "inadequate policies," however he does not name any specific policy. Because the plaintiff has not alleged any facts indicating that defendant Clarke or Milwaukee County has embraced any unconstitutional policies or customs, they will be dismissed from this action.

The court finds that the plaintiff has alleged sufficient facts to support a claim that his Eighth Amendment rights were violated and for the intentional infliction of emotional distress. He may also proceed on a retaliation claim.

## Motion to Appoint Counsel

The plaintiff has moved for the appointment of counsel. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (*see Mallard v. United States District Court*, 490 U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). *Jackson*, 953 F.2d at 1071; *McKeever*, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. *McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.*

Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *See Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, the plaintiff has provided evidence that he attempted to obtain legal counsel on his own by contacting one law firm. The plaintiff should provide the court with the names and addresses of three additional counsel he has contacted. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Accordingly, the plaintiff's request for appointment of counsel is denied.

### ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed *in forma pauperis* be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants David Clarke and Milwaukee County are dismissed from this action.

**IT IS FURTHER ORDERED** that the plaintiff's motion for appointment of counsel be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $231.95

balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 23rd day of September, 2005.

> BY THE COURT:
>
> s/Rudolph T. Randa
> HON. RUDOLPH T. RANDA
> Chief United States District Judge