# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

        Plaintiff,

        v.        Case No. 05-C-635

BYRON TERRY,
T J MACCORMICK,
and JOHN DOES,

        Defendant.

## ORDER

Plaintiff Joshua Howard, who is incarcerated at Waupun Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff was granted leave to proceed *in forma pauperis* on Eighth Amendment excessive force and failure to act claims, a retaliation claim, and a state law claim for intentional infliction of emotional distress. Before the court is the plaintiff's motion to compel discovery.

The plaintiff moves the court to order the defendants to comply with the following fourteen requests from his April 4, 2006 discovery request (Amended Motion for Rule 34 Production of Documents and Request for Interrogatories): 3, 7, 10-12, 14-16, and 18-23. The defendants responded to the plaintiff's request on May 12, 2006, for the most part objecting to the above-referenced requests. On June 7, 2006, the plaintiff sent the defendants "Plaintiff's Reply to the

Defendants' Response to the Plaintiff's Request for Production of Documents." The defendants did not respond to this filing.

The plaintiff's motion to compel discovery also requests that the court order the defendants to respond to request numbers 1-4 from his May 16, 2006 discovery request (Second Set of Interrogatories and Request for Production of Documents). The defendants did not file any response to this discovery request because they deemed it untimely.

The defendants contend that the plaintiff's motion to compel discovery is "misplaced" and that it should be denied. (Letter of August 2, 2006 from Attorney Louis Edward Elder to the Court.) With respect to the plaintiff's April 4, 2006 discovery request, the defendants believe that "the general intent of the Interrogatories is to harass the defendants" and that the defendants "have produced some documents and objected to others." As noted, the defendants did not respond to the plaintiff's May 16, 2006 discovery request. The defendants assert that they "are not obliged to respond" because the deadline for the completion of discovery was June 16, 2006 but "the plaintiff carelessly waits until May 16, 2006 to serve the documents on the County and received on May 19, 2006 [sic]."

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. *See* Fed. R. Civ. P. 37(a)(2) and (3). A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted). In exercising its discretion, the court must be mindful that parties are permitted to obtain discovery "regarding any

matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" Fed. R. Civ. P. 26(b)(1).

Along with his motion to compel, the plaintiff filed "Plaintiff's Second Set of Interrogatories and Request for Production of Documents" (Docket #31). This filing includes the challenged discovery requests, the defendants' responses, and the plaintiff's replies, from the plaintiff's April 4, 2006 discovery request. The court has reviewed the materials and finds that the defendants' responses to the plaintiff's production of document request numbers 3, 7, 10-12, 14, 16, and 18-23 are adequate and reasonable. The remaining discovery request (number 15) is addressed below.

> REQUEST NO. 15: The internal logs for the dates of June 28, 29, and September 3, 4, 5, of 2004, and any other documentation that may be required by staff.
> RESPONSE: Objection to internal logs for the dates of June 28, 29, 2004, as not relevant to the subject matter of the pending action. September 3, 4, 5, 2004 logs are provided.
> PLAINTIFF'S RESPONSE: The plaintiff was assaulted on June 28, 2004. He reported it on 6-28-04 to staff on unit 4A. The staff took pictures of him on the unit 4A on 4-28-04. The plaintiff was interviewed on 4-29-04. More pictures were taken of the plaintiff on unit 4A on 6-29-04. The internal logs for 6-28,29, of 2004 are extremely relevant to the subject matter and should be turned over to the plaintiff per his request. This request also includes internal STAR reports D010503111, D010604509, and D011208952.

The court finds that the plaintiff's request for the internal logs for June 28 and 29, 2004, the date that he was allegedly assaulted and the following day, when he was interviewed and when more photographs of him were taken, is a reasonable and relevant one. The defendants will be ordered to provide those documents as described in Request No. 15.

With respect to the plaintiff's request that the defendants be ordered to respond to request numbers 1-4 from the plaintiff's May 16, 2006 discovery request, as noted, the defendants did not

3

file any response because they deemed the request untimely. The deadline for the completion of discovery was June 16, 2006, and the defendants received the discovery request on May 19, 2006.

The Local Rules provide that "[c]ompletion of discovery means that discovery . . . must be scheduled to allow depositions to be complete, interrogatories and requests for admissions to be answered, and documents to be produced prior to the deadline and in accordance with the Federal Rules of Civil Procedure." Civil L.R. 26.2 (E.D. Wis.). Pursuant to the Federal Rules of Civil Procedure, the party upon whom a request for production of documents is served "shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). The plaintiff's discovery request was not served on them in a manner which would allow the defendants thirty days to respond, and therefore, the plaintiff's request was untimely.

In sum, the plaintiff's motion to compel discovery will be granted in part and denied in part. The motion is granted as to Request Number 15 of the plaintiff's April 4, 2006 discovery request. The defendants are ordered to provide the documents described in Request Number 15 **on or before November 24, 2006**. The motion is denied as to the remaining requests from that discovery request. The plaintiff's motion to compel is denied as to his May 16, 2006 discovery request.

## ADDITIONAL MATTERS

On September 23, 2005, the plaintiff was advised that he would need to identify the John Doe defendants. He has not done this and therefore, the John Doe defendants will be dismissed.

The dispositive motion filing deadline in this case was July 17, 2006, but no dispositive motion was filed. Given that discovery disputes were ongoing at that time, and that discovery is now concluded, the court will set a new deadline of January 3, 2007, for the filing of dispositive motions.

4

Case 2:05-cv-00635-WEC   Filed 10/23/06   Page 4 of 5   Document 34

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for compel be and hereby is **GRANTED IN PART AND DENIED IN PART** as described herein.

**IT IS FURTHER ORDERED** that the John Doe defendants are **DISMISSED**.

**IT IS FURTHER ORDERED** that the scheduling order is amended as follows: the deadline for filing dispositive motions is **January 3, 2007**.

**SO ORDERED** this 23rd day of October, 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge