# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

        Plaintiff,

    v.                                Case No. 05-C-635

BYRON TERRY, et al.,

        Defendants.

## DECISION AND ORDER

The plaintiff, Joshua Howard, is proceeding *in forma pauperis* in this *pro se* civil rights action predicated on 42 U.S.C. § 1983. In a decision and order dated October 21, 2009, the court denied the plaintiff's motion to appoint counsel and ordered that the action be dismissed for failure to prosecute, effective November 20, 2009, unless prior to that date, the plaintiff filed a response to the defendants' motion for summary judgment. The plaintiff has now filed a motion to reconsider, which is before the court.

The plaintiff brought his motion under Federal Rule of Civil Procedure 59(e), which allows the court to alter or amend a judgment. However, the decision and order that the plaintiff asks the court to reconsider did not result in judgment. Thus, the court will consider the motion under Rule 54(b), which provides, in relevant part:

> [A]ny order or other decision, however, designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Federal Rule of Civil Procedure 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (citation and footnote omitted)), amended by, 835 F.2d 710 (7th Cir. 1987); *see also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (providing nearly identical standard for motion under Rule 59(e)). "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

In his motion, the plaintiff simply points to arguments that he made and that the court considered in deciding the plaintiff's motion to appoint counsel. He has not presented newly discovered evidence; nor has he shown that the court's October 21, 2009, Decision and Order contained a manifest error of law. Accordingly, the plaintiff's motion for reconsideration will be denied.

The court will allow the plaintiff one final extension of time to respond to the defendants' motion for summary judgment. This action will be dismissed with prejudice under Civil Local Rule 41.3 (attached) for failure to prosecute, effective **Monday, November 30, 2009** unless, prior to that date, the plaintiff files a response to the defendants' motion for summary judgment.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion for reconsideration (Docket #131) be and hereby is **DENIED**; and

**IT IS FURTHER ORDERED** that this action will be dismissed for failure to prosecute effective **Monday, November 30, 2009** unless, prior to that date, the plaintiff files a response to the defendants' motion for summary judgment.

Dated at Milwaukee, Wisconsin this 10th day of November, 2009.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

**Civil L.R. 41.3 Dismissal for Lack of Diligence**

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.